**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SAMUEL PETROS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-327-JWD-EWD** |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT** | |

## RULING AND ORDER

Petitioner, Samuel Petros (Petitioner), has filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 challenging as unlawful his ongoing detention in the custody of U.S. Immigration and Customs Enforcement (ICE). The Court has reviewed the parties' filings and the A-File, as well as the applicable law. Petitioner's habeas case is materially indistinguishable from this Court's prior decisions granting habeas relief to noncitizens held in immigration detention without any legitimate purpose and with no end in sight. *See Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779 (M.D. La. 2026); *Dominguez Fernandez v. Acuna*, No. 26-cv-375, 2026 WL 2546662 (M.D. La. Aug. 27, 2026); *Omorodion v. Noem*, No. 26-cv-72, 2026 WL 2323240 (M.D. La. Aug. 11, 2026); *Martinez Rico v. U.S. ICE*, No. 25-cv-990, 2026 WL 2069779 (M.D. La. July 16, 2026); *Omar v. U.S. ICE*, No. 26-cv-443, 2026 WL 1663009 (M.D. La. May 29, 2026). Therefore, as explained below, the Court finds this Petitioner is likewise entitled to habeas relief.[1]

Petitioner is a citizen of Russia. An immigration judge ordered that he be removed from the United States to his native Russia on January 8, 2009. (Doc. 9-1 at 12). But when the Russian Consulate could not verify Petitioner's citizenship in 2009, it refused ICE's request to issue a

[1] This Court previously explained the applicable law in a detailed opinion, *Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779 (M.D. La. 2026), which is incorporated here by reference.

Certificate for Repatriation. (Doc. 9-1 at 29). Unable to remove Petitioner to Russia, ICE released him on an Order of Supervision (OSUP) in July of 2009. Petitioner had been living freely in the United States for years when ICE abruptly re-detained him on March 2, 2025. He remains in custody today.

"[T]he Government has significant discretion to enforce the immigration laws and to revoke an Order of Supervision. However, the Government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Omar v. U.S. ICE*, No. 26-cv-443, 2026 WL 1663009, at *4 (M.D. La. May 29, 2026) (internal citations omitted). This is especially so where noncitizens, like Petitioner, have an "overwhelming liberty interest in their continued release under an Order of Supervision." *Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779, 801 (M.D. La. 2026) (internal citations omitted).

Here, ICE has detained Petitioner in ostensibly civil immigration detention since March of 2025, based on an abstract possibility of removing him to Russia (or some not-yet identified third country), at some unspecified time in the future. (Doc. 10). Indeed, the Government bears the burden of showing Petitioner's removal is reasonably foreseeable and his prolonged detention is therefore justified.[2] In an effort to make this showing, the Government merely posits:

> During the Petitioner's detention, ERO has conducted custody reviews and is currently attempting to remove the alien from the U.S.

[2] While Petitioner has the ultimate "burden" of proving his entitlement to habeas relief, *Walker v. Johnston*, 312 U.S. 275, 286 (1941), because his Petition concerns a re-detention, the applicable regulations "place the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future," *Roble v. Bondi*, 803 F. Supp. 3d 766, 772 (D. Minn. 2025) (citing 8 C.F.R. § 241.4 and § 241.13); *see also Hernandez Escalante v. Noem*, No. 25-cv-182, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025) ("[T]his is not your typical first round detainment of a[] [noncitizen] awaiting removal. Petitioner was previously detained, then released on supervis[ion] . . . . The regulations clearly indicate, upon revocation of supervised release, it is [ICE's] burden to show a significant likelihood that the [noncitizen] may be removed.").

(SDDO McCullough Decl., Doc. 10-1 at 2); (Resp., Doc. 10 at 2) (ICE "has conducted custody reviews and is reviewing options . . . ."). Nothing more is provided. And the Court agrees with Petitioner—"Th[is] language confirms uncertainty, not foreseeability." (Doc. 13 at 3).

What's more, the Supreme Court explicitly disavowed the use of vague and speculative rationales to justify detention in *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001) (Rejecting a standard that would render continued "detention lawful as long as good faith efforts to effectuate deportation continue and [the noncitizen] failed to show that deportation will prove impossible."); *see also Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025) ("But the government may not detain Villanueva for an indefinite and undetermined period of time while it tries to effect that removal when the circumstances are such that his removal is not reasonably likely in the foreseeable future."); *Martinez Rico v. U.S. ICE*, No. 25-cv-990, 2026 WL 2069779, at *4 (M.D. La. July 16, 2026) (relying on speculative nature of ICE agent's statement — that ICE "is still working to remove the petitioner to a third country"— in granting habeas relief and finding: "Nearly one year has passed since ICE detained Martinez Rico . . . . Yet, ICE has made no meaningful progress in removing Martinez Rico.").

As of this writing, Petitioner has been detained more than 550 days and counting. There appears to be no end in sight. Therefore, Petitioner's more than one and a half years of detention well exceeds the six-month presumptively reasonable period that the Supreme Court recognized in *Zadvydas* and *Clark v. Martinez*, 543 U.S. 371, 386 (2005) (explaining that mere passage of time may suffice as reason for release when "Government ha[s] brought forward nothing to indicate that a substantial likelihood of removal subsists").

Each day that Petitioner remains indefinitely detained, his constitutional right to liberty is severely restrained. *See Zadvydas*, 533 U.S. at 690 (2001) ("Freedom from imprisonment—from

government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." (*citing Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))). And that harm is irreparable. *See Ventura Martinez v. Trump*, No. 25-cv-1445, 2025 WL 3124847, at *3 (W.D. La. Oct. 22, 2025) ("The erroneous deprivation of a [noncitizen]'s liberty, for even minimal periods of time, unquestionably constitutes irreparable injury.") (internal citations omitted). Therefore,

**IT IS ORDERED** that the **Petition for Writ of Habeas Corpus** (Doc. 1) is **GRANTED** and Petitioner is entitled to release from ICE custody. Federal Respondents will release Petitioner within **24 hours** of this Ruling and Order, subject to the **same conditions of supervision** imposed by his most recent OSUP.

**IT IS FURTHER ORDERED** that Federal Respondents shall, at least **4 hours prior** to Petitioner's release, notify Petitioner's Counsel of the time and place of his release in order to facilitate travel.

**IT IS FURTHER ORDERED** that Federal Respondents will return to Petitioner all of his belongings, including any identifying documents, and provide him with a written copy of his Order of Supervision.

**IT IS FURTHER ORDERED** that Federal Respondents shall not re-detain Petitioner without due process of law, and in accordance with this Ruling and Order, the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and ICE's own regulations.

Signed in Baton Rouge, Louisiana, on September 3, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**